BARFIELD, Judge,
concurring in part and dissenting in part:
I concur in certification of the question as a matter of great public importance. However, I dissent from the majority’s disposition of this case. In my opinion, although Anders v. California does not specifically require the appellate court to review the entire record when no appealable issues have been raised by either the appellant or his counsel, the United States Supreme Court did not contemplate that an appellate court, faced with the situation presented here, would close its eyes to reversible error appearing in the record simply because that specific error was not raised by the appellant or by his appellate counsel. Although valid arguments can be made for the position that appellate courts cannot and should not serve as appellate counsel for indigent defendants, worthwhile arguments can also be made that a defendant’s constitutional right to counsel and to meaningful appellate review is not preserved where the appellate court takes the course chosen by the majority in this case.
In my view, the better policy is for the appellate court to review the entire record in each case in which an Anders brief has been filed by appellate counsel, whether or not the appellant files a pro se brief. In the event the appellate court discovers possible reversible error, it should order counsel for both sides to brief the issue, while admonishing appellant’s counsel that it is his duty under the law to conscientiously examine the entire record in order to determine, in his professional opinion, whether any reversible error occurred during the trial proceedings and to file with this court a brief referring to anything in the record that might arguably support the appeal, pursuant to Anders v. California. In the event an attorney serving as counsel for appellants in such cases consistently files Anders briefs which ignore arguable issues, disciplinary action should be taken by the court or by The Florida Bar.
In the case at issue, I would have ordered the parties to brief the issue, decided the case on its merits, and certified the question posed by the majority as one of great public importance.